UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PAMELA CASSO, <br> on behalf of plaintiff and a class, <br>         Plaintiff, <br>   v. <br> LVNV FUNDING, LLC; <br> RESURGENT CAPITAL SERVICES LP; <br> and ALEGIS GROUP LLC, <br>         Defendants. | Case No. 12-cv-7328 <br><br> Judge John W. Darrah |

## **MEMORANDUM OPINION AND ORDER**

Plaintiff Pamela Casso has filed a one-count class action against LVNV Funding, LLC ("LVNV"), Resurgent Capital Services, LP ("Resurgent"), and Alegis Group LLC ("Alegis") (collectively, "Defendants"), alleging a single violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"). Defendants have filed a Motion to Dismiss Plaintiff's Amended Complaint.

### BACKGROUND

The following facts are drawn from Plaintiff's Amended Complaint and attached exhibits and are accepted as true for purposes of the Motion to Dismiss. *See Reger Dev., LLC v. Nat'l City Bank*, 592 F.3d 759, 763 (7th Cir. 2010). Defendant LVNV is engaged in the business of purchasing defaulted debts originally owed to others. (Am. Compl. ¶ 7.) LVNV attempts to collect the debts from the debtors by filing or threatening suits and has filed thousands of collection lawsuits in Illinois courts. (*Id.* ¶¶ 9, 12.) Defendant Resurgent operates a collection agency and holds one or more collection agency licenses. (*Id.* ¶¶ 17-18.) Defendant Alegis is the sole general partner of Resurgent. (*Id.* ¶ 21.) LVNV has no employees, and all actions taken

in the name of LVNV are in fact taken by Resurgent, pursuant to a written agreement and power of attorney that LVNV has executed in favor of Resurgent. (*Id.* ¶ 23.) According to LVNV's website, Resurgent has been hired by LVNV to service and manage debt portfolios on LVNV's behalf. (*Id.* ¶ 25.) LVNV and Resurgent are under common ownership and management, and both are part of the Sherman Financial Group. (*Id.* ¶ 27.)

Defendants have sought to collect an alleged debt from Plaintiff on a credit card balance. (*Id.* ¶ 29.) On November 14, 2011, LVNV filed a lawsuit against Plaintiff in the Circuit Court of Cook County, Illinois. (*Id.* ¶ 30.) In the complaint filed in that lawsuit, LVNV attached an affidavit by Resurgent employee Matthew Sowell. (*Id.* ¶¶ 32-33.) According to Sowell's affidavit, the debt LVNV sought to collect was a Citibank credit card debt. (*Id.* ¶ 35.) In his affidavit, Sowell stated:

> 1. I am an Authorized Representative for LVNV Funding LLC (hereafter the "Plaintiff") . . . . The information below is true and correct to the best of my information and belief based on the Plaintiff's business records.
>
> 2. . . . . This information was regularly and contemporaneously maintained during the course of the Plaintiff's business.
>
> 3. In the ordinary course of business, Plaintiff regularly acquires revolving credit accounts, installment accounts, service accounts and/or other credit lines. The records provided to Plaintiff have been represented to include information provided by the original creditor or its successors in interest. Such information includes the debtor's name, social security number, account balance, the identity of the original creditor and the account number.
>
> 5. Based upon the business records maintained on account [number], which are a compilation of the information provided upon acquisition and information obtained since acquisition, the Account is the result of the extension of credit to Pamela Casso by Citibank on or about 4/16/2007 (the "Date of Origination"). Said business records further indicate that the Account was then owned by Citibank, that Citibank later sold and/or assigned Portfolio . . . to Plaintiff's assignor which included the Defendant's Account on 10/22/2009 (the "Date of Assignment') and on the Date of Assignment, all ownership rights were assigned to, transferred to, and became vested in Plaintiff, including the right to collect the

purchased balance owing of $2,440.48 plus any additional accrued interest.
(Compl. App'x B.).

However, Sowell did not review any business records prior to signing his affidavit; rather, he is a "robo-signer," someone whose sole job is to sign affidavits without ensuring their accuracy by reference to any business records. (Compl. ¶ 34.) Defendants do not have any business records that show that the "the Account is the result of the extension of credit to Pamela Casso by Citibank on or about 4/16/2007 (the "Date of Origination") or any business records that "indicate" that there is a "purchased balance owing of $2,440.48 plus any additional accrued interest." (*Id.* ¶¶ 37-38.)

Defendants purport to acquire Citibank debts pursuant to agreements that disclaim the accuracy of the information provided. (*Id.* ¶39.) Plaintiff has attached Citibank's standard agreement for the sale of debts, which Plaintiff believes is the same or similar to an agreement with Defendants. In Section 3.3 of that agreement, Citibank states that "[w]ith respect to each Account, the Bank represents that to the best of its knowledge as of the Cut-Off Date: . . . (i) the current balance on the Account is $100 or more." (*Id.* ¶ 41.) Citibank "makes no other representations or warranties, express or implied, with respect to any of the Accounts other than as specifically set forth in this Section 3.3." (*Id.* ¶ 43.) Furthermore, Citibank states that it does not "represent, warrant or covenant" the accuracy of any of the accounts or supporting documentation, and that any documentation is sold to the buyer "AS IS." (*Id.* ¶ 45.)

LVNV endeavors to avoid producing its agreements for the purchase and sale of debts in collection actions. Where the consumer appears to be familiar with such agreements, or retains counsel, LVNV usually voluntarily dismisses a collection action. Plaintiff retained counsel to

defend the collection action brought by LVNV, which voluntarily dismissed its collection action against Plaintiff a few weeks later. (Compl ¶¶ 46-48.)

## LEGAL STANDARD

"A motion under Rule 12(b)(6) challenges the sufficiency of the complaint . . . ." *Christensen v. Cnty. of Boone*, 483 F.3d 454, 458 (7th Cir. 2007). Under the federal notice pleading standards, "[a] plaintiff's complaint need only provide a short and plain statement of the claim showing that the pleader is entitled to relief, sufficient to provide the defendant with fair notice of the claim and its basis." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008) (internal quotations omitted).

When considering a motion to dismiss under Rule 12(b)(6), the complaint is construed in the light most favorable to the plaintiff; all well-pleaded factual allegations are accepted as true, and all reasonable inferences are construed in the plaintiff's favor. *Id*. However, a complaint must allege "enough facts to state a claim to relief that is plausible on its face" to survive a motion to dismiss. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). For a claim to have facial plausibility, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. The plaintiff's allegations must "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'; if they do not, the plaintiff pleads itself out of court." *EEOC v. Concentra Health Servs.*, 496 F.3d 773, 776 (7th Cir. 2007) (citing *Twombly*, 550 U.S. at 555).

## ANALYSIS

Defendants argue that Plaintiff's Amended Complaint should be dismissed because Plaintiff does not allege that Defendants made any false statements regarding her debt. Defendants further argue that the FDCPA does not provide an avenue to collaterally attack the evidentiary basis of a creditor's collection claim. Plaintiff responds that Defendants made false statements when they filed a false affidavit in connection with their lawsuit to recover a debt from Plaintiff.

15 U.S.C. § 1692e of the FDCPA provides that "a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." "[The FDCPA] is a broad prohibition, and while § 1692e has 16 subsections describing ways by which a debt collector could violate the FDCPA, that list is nonexhaustive, and a plaintiff need not allege a violation of a specific subsection in order to succeed in a § 1692e case." *Lox v. CDA, Ltd.*, 689 F.3d 818, 822 (7th Cir. 2012) (citations omitted). Particularly relevant to this case, § 1692e(10) prohibits "[t]he use of any false representation or deceptive means to collect or to attempt to collect any debt or to obtain information concerning a consumer."

Defendants appear to read both the FDCPA and Plaintiff's Amended Complaint too narrowly when they argue that Plaintiff has not alleged false statements about her debt. Plaintiff has alleged that Defendants falsely represented, in the Sowell affidavit, that business records regarding Plaintiff's debt had been reviewed and that the Sowell affidavit was submitted in connection with collecting a debt from Plaintiff. For purposes of this Motion to Dismiss, such allegations fall under the FDCPA's prohibition of false representations. 15 U.S.C. § 1692e(10).

Defendants also argue that Plaintiff has not stated a claim because Plaintiff has referred to an agreement between Citibank and a different debt buyer. Likewise, Defendants contend that

5

that the terms of LVNV's purchase agreement of Plaintiff's debt are not material and that LVNV had no obligation to furnish its proof when filing a collection action. Both these arguments miss the mark for purposes of dismissing Plaintiff's Amended Complaint. Plaintiff has alleged that, on information and belief, Citibank uses a standard debt purchase agreement and its agreement with LVNV made the same or similar disclaimers about Plaintiff's debt as the agreement referenced by Plaintiff. These allegations go to support whether Defendants submitted a false affidavit in collecting Plaintiff's debt.[1]

Defendants also argue that Plaintiff cannot state a claim because the false affidavit was submitted to state court, not to Plaintiff. Defendants cite to *O'Rourke v. Palisades Acquisition XVI, LLC*, 635 F.3d 938, 941 (7th Cir. 2011) and *Beler v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, 480 F.3d 470 (7th Cir. 2007). Both those cases do not preclude Plaintiff's FDCPA claim. In *O'Rourke*, 635 F.3d 938, the plaintiff alleged that the debt collector violated the FDCPA when it misled the Cook County judge by filing a fake credit card statement as an exhibit with the court. *Id.* at 941. The *O'Rourke* court couched its entire analysis in terms of whether the FDCPA extended its protection beyond consumers to third parties, such as judges. *Id.* at 941-944. Affirming the district court's grant of summary judgment in favor of the debt collector, the Seventh Circuit held that the FDCPA "does not extend to communications that would confuse or mislead a state court judge." *Id.* at 944.

In *Beler*, 480 F.3d 470, the Seventh Circuit also affirmed the grant of summary judgment in favor of the debt collector. In that case, the plaintiff alleged that a law firm had violated the

---

[1] Furthermore, as Plaintiff points out, Defendants have not submitted the actual agreement between Citibank and LVNV and turned their Motion to Dismiss into a motion for summary judgment.

FDCPA when it filed a complaint and affidavit that was confusing to the plaintiff. The Seventh Circuit held that the FDCPA does not require clarity in all writings submitted to the court. 480 F.3d at 473. The *Beler* court further noted that the "rule against trickery differs from a command to use plain English and write at a sixth-grade level," and that the plaintiff did not contend that the law firm "set out to trick her into paying money she does not owe, or to mislead her into paying the wrong person." *Id.* at 473.

Unlike *O'Rourke*, Plaintiff has not alleged that Defendants submitted the false affidavit to mislead the state court. Rather, Plaintiff has alleged that Defendants submitted the false affidavit to mislead *her*. See *Beley*, 480 F.3d at 473; *see also O'Rourke*, 635 F.3d at 941 (the Act is intended to "keep consumers from being intimidated or tricked by debt collectors."). Specifically, Plaintiff alleges that the false affidavit was meant to misrepresent to Plaintiff that business records regarding her debt had been reviewed in order to intimidate Plaintiff into not disputing the debt. As further support, Plaintiff alleges that once she hired counsel, Defendants immediately dismissed the action against her. A false statement is considered material when it influences a consumer's decision. *See O'Rourke*, 635 F.3d at 942 ("to be actionable, a misleading statement must have the ability to influence a consumer's decision."). In this case, Defendants' purported misrepresentations about possessing business records to support its case against Plaintiff are material as to how Plaintiff, as a consumer, might act. This holding is consistent with the Court's recent decision in *Stubbs v. Cavalry SPV I, LLC, et al*, case no. 1:12-cv-07235 (N.D. Ill. May 1, 2013). [2]

---

[2] The Court has reviewed both parties' supplemental briefs regarding *Stubbs*.

Drawing all reasonable inferences in her favor, as is required, and considering FDCPA's broad prohibitions on false representations, Plaintiff has sufficiently stated a claim under FDCPA as required by *Twombly*, 550 U.S. at 555.  *See also Tamayo*, 526 F.3d at 1081.

## CONCLUSION

For the reasons set forth above, Defendants' Motion to Dismiss Plaintiff's Amended Complaint [36] is denied.

Date:  June 26, 2013

JOHN W. DARRAH
United States District Court Judge