UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| PAMELA CASSO, on behalf of plaintiff and a class, | ) ) ) | |
|---|---|---|
| Plaintiff, | ) ) | Case No. 12-cv-7328 |
| v. | ) ) | Judge John W. Darrah |
| LVNV FUNDING LLC; RESURGENT CAPITAL SERVICES, LP; and ALEGIS GROUP LLC, | ) ) ) ) | |
| Defendants. | ) | |

# MEMORANDUM OPINION AND ORDER

Plaintiff Pamela Casso brought this class action against Defendants, LVNV Funding, LLC ("LVNV"); Resurgent Capital Services, LP ("Resurgent"); and Alegis Group, LLC ("Alegis") (collectively "Defendants"), for alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et. seq*. Both parties filed Motions for Summary Judgment pursuant to Federal Rule of Civil Procedure 56. For the reasons stated below, Plaintiff's Motion [121] is denied, and Defendants' [116] Motion is granted.

## LOCAL RULE 56.1

Local Rule 56.1(a)(3) requires the moving party to provide "a statement of material facts as to which the party contends there is no genuine issue for trial." *Ammons v. Aramark Uniform Servs.*, 368 F.3d 809, 817 (7th Cir. 2004). Local Rule 56.1(b)(3) requires the nonmoving party to admit or deny every factual statement proffered by the moving party and to concisely designate any material facts that establish a genuine dispute for trial. *See Schrott v. Bristol-Myers Squibb Co.*, 403 F.3d 940, 944 (7th Cir. 2005). Pursuant to Local Rule 56.1(b)(3)(C), the nonmovant may submit additional statements of material facts that "require the denial of summary judgment." To the extent that a response to a statement of material fact

provides only extraneous or argumentative information, this response will not constitute a proper denial of the fact, and the fact is admitted. *See Graziano v. Vill. of Oak Park*, 401 F.Supp.2d 918, 936 (N.D. Ill. 2005). Similarly, to the extent that a statement of fact contains a legal conclusion or otherwise unsupported statement, including a fact that relies upon inadmissible hearsay, such a fact is disregarded. *Eisenstadt v. Centel Corp.*, 113 F.3d 738, 742 (7th Cir. 1997).

## BACKGROUND

The following facts are taken from the Complaint and the parties' statements of undisputed material facts submitted in accordance with Local Rule 56.1.

Plaintiff resides in the Northern District of Illinois and is a citizen of the State of Illinois. (Dkt. 118 ¶ 1.) LVNV is a limited liability company with its principal place of business in Nevada. Resurgent is a limited partnership with its principal place of business in Greenville, South Carolina. Alegis is a limited liability company and the sole general partner of Resurgent. (Dkt. 118 ¶ 2; Dkt. 138 ¶ 11.) Both LVNV and Resurgent are debt collectors, as defined by the FDCPA. (Dkt. 138 ¶¶ 5, 10.)

Plaintiff incurred a debt to Citibank that was subsequently acquired by LVNV pursuant to a portfolio purchase agreement with Citibank (the "Citibank Agreement"). (Dkt. 118 ¶¶ 5,6.) As part of the portfolio purchase, LVNV receives due diligence tapes and Cut-Off Data Tapes, which contain the electronic records related to the accounts purchased. (Dkt. 118 ¶ 7.) These tapes contain information such as the account number, the account holder's address, the principal balance on the account, and the date of the last payment on the account. (Dkt. 118 ¶ 8.)

Before LVNV acquires Citibank accounts through the Citibank Agreement, Resurgent "scrubs" the data for names, correct addresses, correct ZIP codes, correct number of digits in the social security numbers, bankruptcy, and for the deceased through probate records. (Dkt. 118 ¶ 9.) After LVNV purchases the Citibank accounts and receives the Cut-Off Data Tapes, Resurgent again performs "scrubs" on the data. (Dkt. 118 ¶ 12.)

Resurgent acts as master servicer on accounts LVNV acquires. Resurgent engages law firms and collection agencies to collect the debts and to file collection actions on LVNV's behalf against account holders. (Dkt. 118 ¶¶ 13, 14.) On November 14, 2011, LVNV filed a lawsuit in the Circuit Court of Cook County to collect the debt owned by Plaintiff. The law firm representing LVNV filed an affidavit in support of the complaint that identified the current creditor, the originating creditor, and the account information. (Dkt. 118 ¶¶ 15, 16.) The affidavit submitted was part of a process LVNV uses to collect on the consumer credit accounts it acquires. Resurgent employees, acting as authorized LVNV agents, provide affidavits when the collection attorneys request them. (Dkt. 118 ¶¶ 17, 18.)

At issue here is the affidavit of Matthew Sowell, which provides as follows:

1. I am an Authorized Representative for LVNV Funding (hereafter the "Plaintiff"). I am authorized to make this affidavit on its behalf, and the information below is true and correct to the best of my information and belief based on the Plaintiff's business records.

2. I have personal knowledge regarding Plaintiff's creation and maintenance of its normal business books and records, including computer records of its accounts receivables. This information was regularly and contemporaneously maintained during the course of the Plaintiff's business.

3. In the ordinary course of business, Plaintiff regularly acquires revolving credit accounts, installment accounts, service accounts and/or other credit lines. The records provided to Plaintiff have been represented to include information provided by the original creditor or its successors in interest. Such information

includes the debtor's name, social security number, account balance, the identity of the original creditor and the account number.

4. To the best of my knowledge and belief, the Defendant is not a minor or mentally incompetent person.

5. Based upon the business records maintained on account [omitted] (hereafter "Account"), which are a compilation of the information provided upon acquisition and information obtained since acquisition, the Account is the result of the extension of credit to Pamela Casso by Citibank on or about 4/16/17 (the "Date of Origination"). Said business records further indicate that Account was then owned by Citibank, that Citibank later sold and/or assigned Portfolio [omitted] to Plaintiff's assignor which included the Defendant's Account on 10/22/2009 (the "Date of Assignment") and on the Date of Assignment, all ownership rights were assigned to, transferred to, and became vested in Plaintiff, including the right to collect the purchased balance owing of $2,440.48 plus any additional accrued interest.

(Dkt. 1 Appendix B.)

Resurgent has a team that manages the preparation and execution of affidavits requested by law firms. (Dkt. 118 ¶ 20.) This team uses the Affidavit Verification System ("AVS") and the Account Master Customer Service System ("AMCS") to review LVNV's records and compare them to the information in the affidavits. (Dkt. 118 ¶ 21.) The AVS draws account information from AMCS, which includes records acquired at the time of a portfolio purchase and information and documents subsequently obtained from the original creditor, third-party law firms and/or collection agencies. (Dkt. 118 ¶¶ 22, 23.) This information is updated based on information and documents received from its third-party collection agencies and law firms after an account is acquired. (Dkt. 118 ¶ 24.) Resurgent maintained records related to Plaintiff after her account was acquired from Citibank. (Dkt. 118 ¶ 26.)

## LEGAL STANDARD

Summary judgment should be granted where the "pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c)(2). The moving party is responsible for informing the court of what in the record or affidavits demonstrates the absence of a triable issue. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

If the moving party meets its burden, the nonmoving party must go beyond the face of the pleadings, affidavits, depositions, answers to interrogatories, and admissions on file to demonstrate, through specific evidence, that there is still a genuine issue of material fact. *Celotex*, 477 U.S. at 322-27; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 254-56 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). "The mere existence of a scintilla of evidence in support of the [nonmovant's] position will be insufficient; there must be evidence on which the jury could reasonably find" for the nonmovant. *Anderson*, 477 U.S. at 252.

Disputed facts are material when they might affect the outcome of the suit. *First Ind. Bank v. Baker*, 957 F.2d 506, 507-08 (7th Cir. 1992). When reviewing a motion for summary judgment, a court must view all inferences to be drawn from the facts in the light most favorable to the nonmoving party. *Anderson*, 477 U.S. at 247-48; *Popovits v. Circuit City Stores, Inc.*, 185 F.3d 726, 731 (7th Cir. 1999). However, a metaphysical doubt will not suffice. *Matsushita*, 475 U.S. at 586. If the evidence is merely colorable or is not significantly probative or is no more than a scintilla, summary judgment may be granted. *Anderson*, 477 U.S. at 249-250.

**ANALYSIS**

It is undisputed that Plaintiff incurred a debt and that LVNV acquired the account attached to that debt. In 2011, LVNV filed a lawsuit in the Circuit Court of Cook County to collect that debt. LVNV then filed an affidavit signed by Matthew Sowell in support of its state court complaint, verifying that the information submitted is "true and correct to the best of [Sowell's] information and belief based on [Defendants'] business records." (Dkt. 1 ¶ 35.) Plaintiff alleges that this affidavit is fraudulent because it misled her by implying that LVNV's affiant had accessed business records that contained the full details of Plaintiff's debt and could be used to prove that debt. As such, Plaintiff argues that the submission of the affidavit is a deceptive collection practice that violates Section 1692e, 1692e(2), and 1692e(10) of the FDCPA.

*Defendants' Motion for Summary Judgment*

Defendants argue that summary judgment should be entered on Plaintiff's class FDCPA claim because the FDCPA does not provide relief for debtors who claim that affidavits submitted in support of state collection lawsuits lack sufficient evidentiary foundation, and that the Citibank Agreement specifically represents and warrants that the electronic records Citibank provides to purchasers of Citibank debts are accurate. Plaintiff acknowledges in her Response that the account-related information received from Citibank is subject to a warranty. However, Plaintiff contends she is not arguing that the filing of the collection lawsuit without means to prove the debt through an affidavit is misleading; but that the submission of a fraudulent affidavit in which the affiant swears that he reviewed business records related to Plaintiff's debt misleads the consumer into thinking her loss in the collection case is "inevitable."

(Dkt. 135 at 6, 7.) Plaintiff argues that Sowell's affidavit is based on "unreliable and unsupported" data and points to the amount demanded by Defendants as an example of an inaccuracy resulting from insufficient review.

First, as noted by Defendants, the affidavit submitted by Sowell does not state that he reviewed business records containing the "full details" of Plaintiff's account or that these business records would be admissible in court. Plaintiff also does not provide any evidence or argument to support her claim that "unsophisticated consumers" would be misled by the affidavit's use of term "business records" such that they would assume or have knowledge that these types of records are or are not admissible in court. Plaintiff advances several theories as to why Sowell's affidavit is misleading, but each theory remains basically an argument that the affidavit is misleading because it was based on insufficient or inaccurate evidence or documentation.

Further, Plaintiff's reliance on the outcome of *Stubbs v. Cavalry SPV I, LLC,* 2015 WL 135131 (N.D. Ill. Jan. 8, 2015) is misguided. In *Stubbs* there was a question of material fact as to whether the affiant checked all of the relevant information related to the plaintiff's account available in Cavalry's database, not whether the processes by which the affiant checked the accuracy of the plaintiff's account data were sufficient. As noted in *Stubbs*, "insufficient evidence or documentation claims based on the filing of a state court complaint do not constitute viable claims under section 1692e." *Stubbs*, 2015 WL 135131 at *4.

Finally, Plaintiff argues that Consumer Financial Protection Bureau ("CFPB") consent orders provide a basis to find that affidavits like that attached to the state collection action are unlawful, citing to a recent consent order entered into between Citibank N.A. and the CFPB.

Plaintiff contends that this consent order supports her argument that Defendants made false and misleading statements overstating the admissibility of the information reviewed by the affiant because it notes that Citibank sold inaccurate records to debt buyers. (Dkt. 150.) However, Plaintiff does not show that the consent decree in any way pertained to her account or any of the accounts maintained by the certified class members. The decree does not identify Defendants as one of the debt buyers to whom Citibank sold inaccurate records, nor does it provide any other identifying information that would indicate that it refers to Illinois account holders.

As there is no dispute of material fact as to Plaintiff's FDCPA claim, Defendants' Motion for Summary Judgment is granted, and Plaintiff's Motion for Summary Judgment is denied.

## CONCLUSION

For the reasons discussed above, Plaintiff's Motion for Summary Judgment [121] is denied, and Defendants' Motion for Summary Judgment [116] is granted.

Date: April 6, 2016

JOHN W. DARRAH
United States District Court Judge